NEW-YORK PRACTICE REPORTS. 95

Sacket's Harbor Bank agt. Burwell and another.

## COURT OF APPEALS.

SACKET's HARBOR BANK, respondent, agt. BURWELL AND ANOTHER, appellants.

If this court have the power to review a decision of the supreme court, denying an application *to order an amended answer to stand as part of the pleadings in the cause,* it can only be exercised after a *final judgment* in the action.

*January Term,* 1854. This was a motion on the part of the appellants, to set aside an order of the respondent dismissing the appeal under rule 2, and for leave to file the clerk's return.

It appeared that the defendants answered originally, by denying each and every allegation of the complaint. That subsequently the defendants served amended answers, alleging new matter by way of defence, which the plaintiff's attorney refused to receive, on the ground that the defendants could not amend an answer which did not admit of being replied to according to section 172 of the Code.

The defendants then moved at circuit special term for an order that the amended answers be received by the plaintiff's attorney and treated as a part of the pleadings in the action, or that the cause be stricken from the calendar. Mr. Justice HARRIS, holding the circuit, denied this motion. An appeal was taken to the Erie general term, where the order at special term was affirmed. The defendants then appealed to this court. The return of the clerk below not having been filed in

Sacket's Harbor Bank agt. Burwell and another.

season, an order was entered by the respondent dismissing the appeal under rule 2. The defendants then made this motion, vhen the merits of the appeal in its present shape were discussed.

N. HILL, jr., for the appellants.—Insisted that the right to amend the answer within twenty days, under § 172 of the Code, was an *absolute right*, whether the answer sought to be amended set up new matter, or counter claim, or not; and that the decision of the court below was erroneous in this respect : that it was a right given by statute, which the supreme court had no control over, and was not, therefore, a matter of *discretion*, like an ordinary matter of practice.

That if this court could not hear it on this appeal, they could not on any appeal, as the papers on which the motion was made and denied would not go into the record, and would not, therefore be brought by appeal from the *final judgment*.

GEO. F. COMSTOCK, *for Respondent.*

JOHNSON, Justice.—It is unnecessary for us to say whether in any case we can be called upon to review a decision of the supreme court denying an application to order an amended answer to stand as part of the pleadings in the cause. For if we have any such power, it can only be exercised after a final judgment in the action. No judgment appears to exist in this case, and neither of the subdivisions of § 11 of the Code of procedure is broad enough to give us the right to review this decision, until final judgment shall have been rendered, even if we have the power to review such an order after final judgment. Upon this last question we express no opinion.

As the appeal, if reinstated, would on motion be dismissed, to grant the present motion could answer no useful purpose, and it must therefore be denied with $10 costs.